RECORD NO. 14-2074

## IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

**BEST MEDICAL INTERNATIONAL, INC.,**
**a Virginia Corporation and BEST VASCULAR, INC.,**
**a Delaware Corporation,**

*Plaintiffs-Appellants,*

v.

**ECKERT & ZIEGLER NUCLITEC GMBH, a German**
**Corporation, successor to QSA Global GmBH,**

*Defendant-Appellee.*

_____

**OPENING BRIEF OF PLAINTIFFS-APPELLANTS**

_____

**James M. Brady (VSB No. 80002)**
**Shawn R. Weingast (VSB No. 33259)**
**BEST MEDICAL**
  **INTERNATIONAL, INC.**
**7643 Fullerton Road**
**Springfield, Virginia 22153**
**(703) 451-2378 (Telephone)**
james@teambest.com
sweingast@teambest.com

**Counsel for Plaintiffs-Appellants**

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. 14-2074        Caption: Best Medical Int'l, Inc. et.al. v. Eckert & Ziegler Nuclitec, GMBH

Pursuant to FRAP 26.1 and Local Rule 26.1,

Best Medical International, Inc., Best Vascular, Inc
(name of party/amicus)

_____

who is _____ Appellants _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☐YES ☑NO

2.    Does party/amicus have any parent corporations?                      ☐YES ☑NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                        ☐YES ☑NO
      If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐ YES ☑ NO
       If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐ YES ☑ NO
       If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☐ YES ☑ NO
       If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ James M. Brady _____    Date: ____October 20, 2014____

Counsel for: Best Medical International, Inc. et.al _____

# CERTIFICATE OF SERVICE

**************************

I certify that on ___October 20, 2014___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

/s/ James M. Brady _____      ____October 20, 2014____
           (signature)                                              (date)

# TABLE OF CONTENTS

I. JURISDICTIONAL STATEMENT ................................................................. 1

II. STATEMENT OF THE ISSUES ................................................................. 2

III. STATEMENT OF THE CASE ................................................................. 3

IV. STATEMENT OF FACTS ........................................................................ 4

V. SUMMARY OF THE ARGUMENT ......................................................... 7

    A. The Merger Doctrine Precluded Entry of the July 24, 2014 Judgment......... 7

    B. The Agreement Did Not Authorize the Fees Awarded to EZN. ................... 8

VI. ARGUMENT ......................................................................................... 10

    A. Standard of Review and Governing Law. .................................................. 10

    B. The Merger Doctrine Precluded the Award of a Second Judgment to EZN 11

    C. The Fees Awarded to EZN Were Not Authorized by the Agreement. ......... 16

        1. EZN's prevailing party status does not entitle EZN to fees in the absence of contractual or statutory authority. ............................................... 17

        2. EZN's interpretation of ¶ 13 is not supported by precedent. .................. 18

        3. The award of fees to EZN violated the Plain-Meaning Rule .................. 20

        4. The law-of-the-case doctrine does not preclude Best's argument that the Agreement does not authorize EZN's fees. ................................................. 23

VII. CONCLUSION………………………………………………………….26

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a) ............. 29

CERTIFICATE OF SERVICE ..................................................................... 30

i

# TABLE OF AUTHORITIES

**Cases:**

*Acme Boot Co. v. Tony Lama Interstate Retail Stores, Inc.*, Nos. 90-2621, 90-2630, 90-2637, 1991 U.S. App. LEXIS 4805, at *14 (4th Cir. Va. Mar. 26, 1991) ..........12

*Aggarwal v. Sikka*, No. 1:12cv60, 2013 U.S. Dist. LEXIS 160422, at *8
(E.D. Va. Nov. 7, 2013) .......................................................................................20

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975)...........16

*Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505 (4th Cir. N.C. 2003) .........24

*Appalachian Power Co. v. Greater Lynchburg Transit Co.*, 374 S.E.2d 10
(Va. 1988)............................................................................................................20

*Arizona v. California*, 460 U.S. 605, 618 (1983)....................................................24

*Bates v. Devers*, 202 S.E. 917, 920 (Va. 1974).......................................................13

*Bender-Miller Co. v. Thomwood Farms, Inc.*, 179 S.E.2d 636 (Va. 1971) ......17, 20

*Berry v. Klinger*, 300 S.E.2d 792 (Va. 1983) ...................................................20, 22

*Bosley v. Mineral Cnty. Comm'n*, 650 F.3d 408, 411 (4th Cir. 2011) ....................10

*C.F. Trust, Inc. v. Peterson*, 13 Fed. Appx. 161, 165 (4th Cir. Va. 2001)......... 11-12

*Canterbury v. J.P. Morgan Acquisition Corp.*, 958 F. Supp. 2d 637
(W.D. Va. 2013) ..................................................................................................13

*Carlson v.Wells,* 705 S.E.2d 101, 109 (Va. 2011) ..................................................16

*Catlin v. United States*, 324 U.S. 229, 233 (1945)..................................................20

*Columbia Gas Transmission, LLC v. David N. Martin Revocable Trust*,
833 F. Supp. 2d 552, 557 (E.D. Va. 2011) .........................................................11

*Crawford v. Deutsche Bank AG*, 271 F. Supp. 2d 829, 832 (E.D. Va. 2003).........17

*Cyberlock Consulting, Inc. v. Info. Experts, Inc.*, 939 F. Supp. 2d 572, 579 (E.D. Va. 2013) .................................................................................22

*D.C. McClain, Inc. v. Arlington County*, 452 S.E.2d 659, 662 (Va. 1995) ...........21

*DietGoal Innovations LLC v. Wegmans Food Mkts., Inc.*, 993 F. Supp. 2d 594, 600 (E.D. Va. 2013) ........................................................................25

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ...............................................11

*Farmer v. Arabian Oil Co.*, 379 U.S. 227 (1964) ..................................................17

*Gary Steel Products Corp. v. J.F. Kitchin*, 90 S.E.2d 120, 122 (Va. 1955) ...........12

*Globe Iron Constr. Co. v. Bank of Boston*, 140 S.E.2d 629 (Va. 1965) ........... 20-21

*Hancock v. White Hall Tobacco Warehouse Co.*, 46 S.E. 288, 289 (Va. 1904) .....13

*Hensley v. Alcon Labs., Inc.,* 277 F.3d 535, 541 (4th Cir. 2002) ...........................10

*Herold v. Hajoca Corp.*, 864 F.2d 317, 322 (4th Cir. 1988) ..................................18

*Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group, Inc.*, 501 Fed. Appx. 247, 254 (4th Cir. W. Va. 2012) ....................................................11

*Laughlin v. Morauer*, 849 F.2d 122, 126 (4th Cir. 1988) .......................................11

*MacDonald v. Moose*, 710 F.3d 154, 161 n. 10 (4th Cir. 2013) .............................25

*Meidan, Inc. v. Leavell*, 62 Va. App. 436, 441 (Va. Ct. App. 2013) .....................23

*Monster Daddy, LLC v. Monster Cable Prods.*, 483 Fed. Appx. 831, 834 (4th Cir. S.C. 2012) .........................................................................10, 21

*Morison v. Dominion Nat'l Bank*, 1 S.E.2d 292, 294 (Va. 1939) .................... 23-24

*Nehi Bottling Co. v. All-American Bottling Corp.*, 8 F.3d 157, 162 (4th Cir. 1993) .........................................................................10

*Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 405 (4th Cir. Va. 1998) .........................................................................21, 22

*Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518 (1986) ...................................11

*Republic Ins. Co. v. Culbertson*, 717 F. Supp. 415, 419 (E.D. Va. 1989) .............15

*Robinson v. Equifax*, 560 F.3d 235, 243-44 (4th Cir. 2009) ...................................16

*Sands v. Roller*, 86 S.E. 857, 858 (Va. 1915) .....................................................2, 13

*Scallet v. Rosenblum*, 176 F.R.D. 522, 525 (W.D. Va. 1997 .................................17

*Sejman v. Warner-Lambert Co., Inc.,* 845 F.2d 66, 69 (4th Cir. 1988) .............24, 25

*Signature Flight Support Corp. v. Landow Aviation Ltd. P'ship*,
698 F. Supp. 2d 602, 618 (E.D. Va. 2010) ............................................................21

*Steinman v. Clinchfield Coal Corp.*, 93 S.E. 684, 687 (Va. 1917) ........................23

*Textron Fin. Corp. v. AIC of Manassas, Inc.*, No. 1:09-cv-1202,
2010 U.S. Dist. LEXIS 74543, at *8 (E.D. Va. July 23, 2010) ..............................16

*Trex Co. v. Exxonmobil Oil Corp.*, 234 F. Supp. 2d 572, 575 (E.D. Va. 2002)......21

*United Food & Commercial Workers, Local 400 v. Marval Poultry Co.*,
876 F.2d 346, 350 (4th Cir. Va. 1989)....................................................................16

*United States ex rel. Chyrissa v. Columbia/HCA Healthcare Corp.*,
587 F. Supp. 2d 757, 761 (W.D. Va. 2008)............................................................24

*United States v. Bowers*, 557 Fed. Appx. 202, 204 (4th Cir. N.C. 2014) ..............23

*United States v. Johnson*, 325 F.3d 205, 209 (4th Cir. Va. 2003) ..........................19

*United States v. Little*, 52 F.3d 495, 498 (4th Cir. Md. 1995)................................11

*Webster v. Rumsfeld*, No. 04-1739, 156 Fed. Appx. 571, 577
(4th Cir. Md. Dec. 1, 2005)....................................................................................20

*Wilson v. Holyfield*, 313 S.E.2d 396 (Va. 1984)...................................................21

**Statutes and Rules:**

28 U.S.C. § 1291 (2011) .................................................................................. 1

FED. R. CIV. P. 54(d)(2)(B)(ii)………………………………………….........17

**Treatises and Other Authorities:**

BLACK'S LAW DICTIONARY 613 (6TH ED. 1991).......................................................26

RESTATEMENT OF JUDGMENTS § 47 (1942)………………………..………........13

# I. JURISDICTIONAL STATEMENT

The United States District Court for the Eastern District of Virginia,

Alexandria Division, possessed subject matter jurisdiction over this case pursuant

to 28 U.S.C. §1291 which gives the U.S. District Courts jurisdiction over any civil

action where there is complete diversity of citizenship and the amount in

controversy is at least $75,000.00. *28 U.S.C. §1291 (2011)*.  Here, complete

diversity of citizenship existed because Best Medical International, Inc. ("BMI") is

a Virginia corporation, Best Vascular, Inc. ("BVI") is a Delaware corporation

(BMI and BVI are referred to as "Best"), and Eckert & Ziegler Nuclitec, GmbH

("EZN") is a German corporation with its principal place of business in Germany.

The amount in controversy in this appeal is at least $285,718.90.

On June 3, 2014, EZN filed its Second Motion for Supplemental Attorneys'

Fees and Expenses. APP255-356; SVAPP476-577.  Best timely objected to and

opposed EZN's motion. APP360-393.  The District Court granted EZN's motion,

without hearing, on July 24, 2014.  APP429.  Thereafter, Best timely filed its Rule

59(e) Motion on August 21, 2014 which was opposed by EZN. APP443-449;

APP450-457.  The District Court denied Best's Rule 59(e) motion on September 5,

2014.  APP473.  Best timely filed this appeal on October 3, 2014. APP474.  This

Court now has proper jurisdiction of this appeal pursuant to 28 U.S.C. §1291, as

the September 5, 2014 Order constituted a final decision of the District Court.

## II.  STATEMENT OF THE ISSUES

1.      The issue facing this Court boils down to whether EZN may, after obtaining a judgment for attorneys' fees and costs based on the Settlement Agreement, obtain a second judgment based on the same contract? This issue should be answered in the negative because well-settled Virginia precedent holds that when a judgment is entered on the contract, all rights under the contract cease to exist and the judgment becomes the only and superior evidence of the defendant's liability. *Sands v. Roller*, 86 S.E. 857, 858 (Va. 1915).

2.      In the unlikely event the merger doctrine does not bar EZN's supplemental fees, then the second issue to be determined is whether ¶ 13 of the Settlement Agreement allows EZN to recover attorneys' fees and costs where the fees and costs incurred were not for litigation for a breach of the Settlement Agreement? This issue should be answered in the negative because the Settlement Agreement provides as follows:

> 13.  "**Claims for Breach of this Agreement:** In the event any litigation is **brought for breach of this Agreement**, the prevailing party shall be entitled to recover, in addition to any damages proven at trial, reasonable attorneys' fees and costs incurred in such action."

APP424 (emphasis added).

The fees awarded to EZN by the District Court were not incurred for litigation for a breach of the Settlement Agreement.

2

### III. STATEMENT OF THE CASE

EZN filed its second supplemental motion for attorneys' fees and expenses[1] on June 3, 2014. APP255-356; SVAPP476-577.  Best timely opposed EZN's motion on July 3, 2014 arguing that:

1.  the merger doctrine precluded EZN from obtaining a second judgment on the Settlement Agreement (hereafter "the Agreement" or "the contract") because once a judgment is entered on the contract all rights under the contract are merged into the judgment; APP372-374;  and

2.  the plain meaning of ¶ 13 did not authorize the requested supplemental fees because the supplemental fees sought were incurred after the Fourth Circuit affirmed the grants of summary judgment in the underlying breach of contract case. Therefore, the fees were not for litigating a breach of the Agreement as required by ¶ 13 of the Agreement. APP375-382.

Nevertheless, the District Court granted EZN the full amount of its supplemental fees on July 24, 2014 based on the Court's prior finding that EZN was the prevailing party, and found the fees sought to be reasonable.  APP429. Best timely filed its Rule 59(e) Motion to bring to the District Court's attention that EZN's supplemental fees were not authorized as a matter of law because such fees were not incurred in litigating a breach of the Agreement.  APP433-449.

---

[1] References herein to "attorneys' fees" or "fees" shall include both attorneys' fees and expenses.

Following the District Court's denial of Best's motion on September 5, 2014, Best timely filed this appeal. APP473; APP474.

## IV.  STATEMENT OF FACTS

The District Court granted both Best's summary judgment motion as to EZN's counterclaims and EZN's motion as to Best's claims on September 7, 2011. APP112.  Neither party was awarded any damages on the merits.  Best appealed the District Court's decision granting summary judgment to EZN and EZN cross-appealed the grant of summary judgment to Best on EZN's counterclaims. APP22 (ECF 144); APP23 (ECF 165).  Thereafter, District Court held EZN was the prevailing party and granted EZN's motion for attorneys' fees on January 6, 2012. APP45-48.  Best appealed the award of attorneys' fees on the grounds that the fees were not reasonable.[2] APP113.  It is undisputed that the fees awarded on January 6, 2012 were for litigating a breach of the Agreement through the grant of summary judgment which terminated the case on the merits.

On January 22, 2013, the Fourth Circuit affirmed the grant of summary judgment to both EZN and Best, but vacated the award of attorneys' fees and remanded the matter to the District Court to "reevaluate EZN's claim in light of the Johnson factors."  APP49-57.  On remand, the District Court awarded EZN's

---

[2]Best's appeal on the merits, EZN's cross-appeal, and Best's appeal of the award of attorneys' fees were consolidated by the Fourth Circuit on October 24, 2011. APP24 (ECF 168).

4

requested fees and amended the judgment to include EZN's costs for defending

Best's appeal of the grant of summary judgment.  APP111.   Specifically, the fees

awarded covered the period from the beginning of the lawsuit through January 31,

2013.  Best appealed the award on the grounds the hours spent on the litigation and

appeal were not reasonable. APP138-200. This Court affirmed the award of

attorneys' fees to EZN on April 8, 2014.  APP239. EZN currently has a judgment

for $871,414.49 on which it has collected over $670,000.

Thereafter, EZN sought a second supplemental award of fees for the period

of February 1, 2013 through May 30, 2014.   APP255-356; SVAPP476-577.

According the affidavit of Dewayne Lonas, EZN's lead attorney, the fees sought in

EZN's petition were for:

1.    Work on EZN's Motion for Supplemental Attorneys' Fees and
      Expenses, dated February 26, 2013 [Dkt. 270]; (APP58-81)

2.    Fees and costs associated with attempts to collect further amounts
      awarded by the District Court on May 3, 2013;

3.    Work related to the Court of Appeals' mandate as to Best's first appeal
      and in defense of Best's unsuccessful appeal of the District Court's
      May 3, 2013 Order;

4.    Fees associated with the decommissioning of the Production Lines in
      Germany; and

5.    Fees and costs related to the preparation of EZN's Second Motion for
      Supplemental Attorneys' Fees and Expenses.

APP288-289 (Lonas Affidavit at ¶ 18).

Paragraph 13 of the Agreement provides as follows:

> "**Claims for Breach of this Agreement:** In the event any
> litigation **is brought for breach of this Agreement**, the
> prevailing party shall be entitled to recover, in addition to
> any damages proven at trial, reasonable attorneys' fees
> and costs incurred in such action."

APP424 (emphasis added).

Best's opposition to EZN's motion argued that:

1. The merger doctrine prevented entry of a second judgment for attorneys' fees because the Agreement was merged into the judgment and after the Fourth Circuit's January 22, 2013 order affirming the grants of summary judgment, any work performed by EZN was in connection with ongoing fee disputes not breach of the Agreement; APP372-374;

2. The Agreement did not authorize the supplemental fees requested because (a) the fees sought by EZN's counsel were not for litigating a breach of the Agreement; and (b) the award was contrary to the plain language of the Agreement and violated Virginia's well-settled contract law; APP375-382;

3. EZN's minimal amount of success in this case did not justify an additional award of fees; APP382;

4. An award of fees not authorized by contract or statute constituted a sanction; APP383;

5. EZN ignored the District Court's ruling that the Agreement required EZN

6

to arbitrate the costs of the D&D; APP384; and

    6. EZN did not meet its burden of proof because the affidavits of Mr. Lonas and Ms. Pollard were not based on personal knowledge and had no probative value. APP385-391.

    After the District Court granted EZN's motion, Best timely filed its Rule 59(e) Motion arguing that:

    1. EZN's status as a prevailing party did not automatically entitle EZN to fees when the fees were not authorized by the Agreement; APP439-441;

    2. The fees sought by EZN were not for litigation for a breach of the Agreement; APP441-443; and

    3. The supplemental fees awarded to EZN violated Virginia's plain-meaning rule because (a) the fees sought were not for litigating a breach of the Agreement; and (b) after January 22, 2013 there could be no litigation for breach of the Agreement because the issue of whether a breach had occurred was final. APP443-448. The District Court denied Best's motion and Best timely filed this appeal. APP473; APP474.

## V. SUMMARY OF THE ARGUMENT

### A. The Merger Doctrine Precluded Entry of the July 24, 2014 Judgment.

    Both federal and state courts in Virginia have upheld the merger doctrine. This Court has held that where a party obtains a judgment, that party is precluded

from recovering a second judgment for the residue of that cause of action. The purpose of the merger doctrine is to promote finality, which it will do in this case because it will stop EZN's endless fee requests. Although Best argued that entry of another judgment would be contrary to precedent, the District Court nevertheless awarded EZN a *second* judgment based on the Agreement. EZN's arguments in its Reply brief that the merger doctrine was inapplicable to EZN were without merit. Accordingly, the District Court erred as a matter of law in entering a second judgment in favor of EZN, so reversal of the award of supplemental fees to EZN is proper.

## B.  The Agreement Did Not Authorize the Fees Awarded to EZN.

The first step in determining whether to award fees to a party is to determine whether the fees are authorized by contract or statute. Here, the fees awarded to EZN were not authorized by the Agreement, nor were they authorized by statute. If authorization exists, then a court determines whether the party seeking fees was a prevailing party and if so, if the fees requested were reasonable. Here, EZN and the District Court assumed that EZN's prevailing party status entitled EZN to supplemental fees. However, EZN's interpretation of ¶ 13 completely eliminates the phrase "is brought for breach of this Agreement" and authorizes fees for any work performed by EZN's counsel. EZN's interpretation is contrary to well-settled Virginia precedent. EZN and the District Court have rewritten ¶ 13 to allow

8

EZN to recover fees for any work performed so long as EZN's counsel claims the fees are a direct result of "any litigation." The language agreed to by the parties clearly does not authorize EZN to recover fees for "any litigation" that is related to or a direct result of the litigation. Accordingly, the entry of judgment for EZN's second supplemental fees was an error as a matter of law.

It is well-settled law in Virginia that where the parties' intent is clear and contractual language is amenable to only one reasonable interpretation, courts are to construe that language according to its plain and ordinary meaning and are not at liberty to rewrite the parties' contract. Moreover, where the language is clear, a court's only function is to interpret the contract's lawful meaning and the intent of the parties as expressed in the contract's terms. Here, the Agreement allows a prevailing party, in this case EZN, to recover reasonable attorneys' fees and expenses only for "any litigation…brought for breach of this Agreement" and not for any other litigation. APP424. Paragraph 13 does not, as EZN claims, authorize EZN to recover fees for "any litigation" but only for "any litigation brought for breach of this Agreement." Accordingly, the Agreement does not authorize the supplemental fees awarded to EZN because those fees were not incurred for litigation brought for a breach of the Agreement.

Additionally, the award to EZN should be overturned for public policy reasons. If the supplemental fee award is not overturned, contractual relations in

Virginia will be thrown into disarray because parties will no longer be able to rely on courts to uphold the language used in their contracts as they can now under existing Virginia law. EZN further misled the District Court by claiming that the law-of-the-case doctrine precluded the Court from considering Best's arguments but, as shown below, precedent belies EZN's claim.

## VI.  ARGUMENT

### A. Standard of Review and Governing Law.

Generally, the Fourth Circuit reviews under an abuse of discretion standard a district court's decision to enforce a settlement agreement and to award attorneys' fees. *Monster Daddy, LLC v. Monster Cable Prods.*, 483 Fed. Appx. 831, 834 (4th Cir. S.C. 2012) *citing Bosley v. Mineral Cnty. Comm'n*, 650 F.3d 408, 411 (4th Cir. 2011) (attorneys' fees), *Hensley v. Alcon Labs., Inc.,* 277 F.3d 535, 541 (4th Cir. 2002) (enforcement of settlement agreement). However, the Fourth Circuit reviews a district court's interpretation of the language of a settlement agreement, like a court's interpretation of other contractual language, *de novo*.  *Id. citing Nehi Bottling Co. v. All-American Bottling Corp.*, 8 F.3d 157, 162 (4th Cir. 1993).  Here, the Court is reviewing (a) whether the merger doctrine precluded entry of a second judgment for attorneys' fees; and (b) the District Court's interpretation of ¶ 13 of the Agreement and whether the plain language of the Agreement authorized the fees awarded to EZN.

In adjudicating non-federal questions, a federal court must apply the law of the state. *United States v. Little*, 52 F.3d 495, 498 (4th Cir. Md. 1995) *citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "[I]n a diversity case[,] Virginia law governs the preclusive effect given to the judgment of a Virginia court." *Columbia Gas Transmission, LLC v. David N. Martin Revocable Trust*, 833 F. Supp. 2d 552, 557 (E.D. Va. 2011) *citing Laughlin v. Morauer*, 849 F.2d 122, 126 (4th Cir. 1988) (*citing Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518 (1986)).  It is beyond dispute that Virginia law applies here since the Agreement provides that it "shall be construed, interpreted, and administered in accordance with the laws of the Commonwealth of Virginia."  APP424, ¶ 12.

**B.    The Merger Doctrine Precluded the Award of a Second Judgment to EZN.**

The Fourth Circuit has upheld the merger doctrine and defined it as "the basic principle that a contract merges into the judgment." *Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group, Inc.*, 501 Fed. Appx. 247, 254 (4th Cir. W. Va. 2012).   The Fourth Circuit has also stated that "courts generally hold that a single or entire cause of action may not be divided or split so as to make it the subject of several actions, without the express or implied consent of the person against whom the cause of action exists. If an action is brought for a part of a cause of action, a judgment obtained in that proceeding precludes the plaintiff from recovering a second judgment for the residue of that cause of action." *C.F. Trust,*

11

*Inc. v. Peterson*, 13 Fed. Appx. 161, 165 (4th Cir. Va. 2001) *citing Gary Steel Products Corp. v. J.F. Kitchin*, 90 S.E.2d 120, 122 (Va. 1955).  No consent for recovery of fees outside the scope of ¶ 13, implied or otherwise, has been given in this case, nor has EZN claimed that such consent existed.

In *Acme Boot Co. v. Tony Lama Interstate Retail Stores, Inc.*, Nos. 90-2621, 90-2630, 90-2637, 1991 U.S. App. LEXIS 4805, at *15 (4th Cir. Va. Mar. 26, 1991), the Fourth Circuit affirmed the denial of attorneys' fees where Acme asserted its rights to attorney's fees based on a promissory note that provided Desperados would pay attorney's fees, but Acme did not request attorney's fees in its default judgment. As a result, a judgment was entered against Desperados only for the amount which Desperados owed under the note. When the judgment was entered against Desperados, the note was merged into the judgment, and afterwards, Acme's only possible action was on the judgment and not on the underlying note. The *Acme* case clearly shows that once there is a judgment, the contract cannot form the basis for a second judgment. Yet here, the District Court entered a second judgment (APP499) although EZN had previously obtained and partially collected on a prior judgment (APP45-48) based on the same contract. Under Virginia law, the merger doctrine barred the grant of supplemental fees to EZN and was contrary to controlling precedent.

Likewise, the Virginia Supreme Court has held that "merger occurs when a

valid and final personal judgment for money is entered for plaintiff. His original cause of action is merged into the judgment and is extinguished. Plaintiff can maintain a subsequent action only on the judgment and not on the original cause of action." *Bates v. Devers*, 202 S.E.2d 917, 920 (Va. 1974) *citing* RESTATEMENT OF JUDGMENTS § 47 (1942). It is well-settled Virginia law that "'[a] demand arising from an entire contract cannot be divided and made the subject of several suits; and if several suits are brought for a breach of such a contract, a judgment upon the merits in either will bar a recovery in the others.'" *Hancock v. White Hall Tobacco Warehouse Co.*, 46 S.E. 288, 289 (Va. 1904); *Canterbury v. J.P. Morgan Acquisition Corp.*, 958 F. Supp. 2d 637, 648 (W.D. Va. 2013). The effect of a judgment under the merger doctrine is to merge the entire contract upon which the suit was brought so plaintiff cannot afterwards maintain a suit for another recovery under that contract. *Sands v. Roller*, 86 S.E. 857, 858 (Va. 1915). After a judgment is entered, the contract "has lost its vitality; it has expended its force and effect. All its power to sustain rights and enforce liabilities has terminated in the judgment." *Id.*

Here, after the District Court entered judgment in favor of EZN on January 6, 2012, the Agreement merged into the judgment and could no longer support a second judgment for supplemental fees. Nevertheless, on July 24, 2014, the District Court entered a second judgment for supplemental fees in favor of EZN

under ¶ 13 of the Agreement.  APP258; APP429-430.  Since the Agreement can no longer support a claim for fees, EZN's motion should have been denied. Unless the merger doctrine is applied in this case, EZN's counsel will continue harassing Best by submitting fee petitions for fees it is not entitled to under the plain language of the Agreement.  The merger doctrine was created to promote finality, which it will do in this case as it will stop EZN's endless supplemental fee petitions.

EZN's argument in its Reply that since there was no judgment on the merits in its favor, the merger doctrine was inapplicable to EZN was without merit. APP397-398.   EZN was wrong because: (1) no precedent requires the judgment to be on the merits and *Acme* teaches that a judgment on the merits is not a prerequisite; and (2) a judgment was entered in favor of EZN under ¶ 13 of the Agreement based on EZN's status as the prevailing party. Therefore, EZN's failure to obtain a judgment on its breach of contract claims is not relevant.  APP398. EZN obtained a judgment for fees based on the Agreement on January 6, 2012. APP45.

Further, EZN erroneously argued that the merger doctrine does not apply when the fees sought are collateral[3] to the merits of the underlying case. APP398-399.  EZN's argument is misplaced because the merger doctrine bars the splitting

---

[3]EZN's argument that the fees are collateral to the merits of the case supports Best argument that the fees are not recoverable because it constitutes an admission that the fees were not incurred for litigation for breach of the Agreement.

of a single cause of action, but does not bar the filing of a new, separate cause of action. *Republic Ins. Co. v. Culbertson*, 717 F. Supp. 415, 419 (E.D. Va. 1989). As the Court explained in *Republic,* multiple rights of action may arise only in actions which include personal injury and property damage caused by one transaction. A single cause of action arises in all other actions, such as the action in this case. *Id.* Here, as in *Republic,* the first injury, Best's default of its decommissioning obligations, occurred at the time of, or prior to, the first lawsuit and hence, the cause of action for breach of the Agreement accrued at the time of the first injury. *Id.* The current injury, EZN's latest supplemental fee request, occurred after the first judgment but does not constitute a new cause of action. Therefore, the merger doctrine precluded the award of supplemental fees to EZN under the Agreement.

EZN also erroneously argued that the merger doctrine would merge the Agreement into the District Court's September 7, 2011 judgment. APP398. EZN's argument is again misplaced because no judgment was entered by the District Court on September 7, 2011. The District Court issued a Memorandum Opinion and Order dismissing the case, but entered no judgment or award to either party on that date. APP21 (ECF136-137). Best properly applied Virginia law on merger to this case and Best argued that the merger doctrine applied to the January 6, 2012 judgment, which was amended by the District Court on May 3, 2013, and

15

barred the supplemental fees sought by EZN.

**C.    The Fees Awarded to EZN Were Not Authorized by the Agreement.**

The law in this Commonwealth is that in the absence of a statute or contract to the contrary, a court may not award attorney's fees to the prevailing party. *Carlson v. Wells,* 705 S.E.2d 101, 109 (Va. 2011) (additional citation omitted). Thus, the first step in analyzing whether an award of attorneys' fees and costs is appropriate is to determine whether the requested fees are authorized by contract or statute. Only after a court determines that attorneys' fees are so authorized and that the party requesting fees is the prevailing party, does the court then determine whether the fees requested are reasonable. *Textron Fin. Corp. v. AIC of Manassas, Inc.*, No. 1:09-cv-1202, 2010 U.S. Dist. LEXIS 74543, at *8 (E.D. Va. July 23, 2010) (APP279) *citing Robinson v. Equifax*, 560 F.3d 235, 243-44 (4th Cir. 2009). Since the Agreement authorizes fees only for litigating a breach of the Agreement (APP424), the supplemental fees awarded in this case were not authorized by the Agreement as a matter of law. *See United Food & Commercial Workers, Local 400 v. Marval Poultry Co.*, 876 F.2d 346, 350 (4th Cir. Va. 1989) *citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975) (Without express contractual or statutory authorization, courts generally adhere to the American Rule which requires each party to bear its own litigation costs, including attorney's fees.) The Virginia Supreme Court has held "that the remedy

16

provided will be exclusive of other possible remedies only where the language employed in the contract clearly shows the intent that the remedy be exclusive. *Bender-Miller Co. v. Thomwood Farms, Inc.,* 179 S.E.2d 636, 638 (Va. 1971). Here, the language of the Agreement entitles the prevailing party to recover reasonable fees only for litigation brought for a breach of the Agreement. All other recovery has been specifically excluded by the Agreement.

### 1.    EZN's prevailing party status does not entitle EZN to fees in the absence of contractual or statutory authority.

The District Court's July 24, 2014 Order states that EZN sought supplemental attorneys' fees and expenses pursuant to Rule 54(d)(2). APP429. However, EZN relied on ¶ 13 of the Agreement because it recognized that Rule 54(d)(2) does not provide a substantive right to attorneys' fees and expenses,[4] but only provides a procedure for making a claim when there is a "statute, rule, or other grounds entitling the movant to the award." FED. R. CIV. P. 54(d)(2)(B)(ii). Federal Rule of Civil Procedure 54(d) does not give the "district judge unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of the case." *Scallet v. Rosenblum*, 176 F.R.D. 522, 525 (W.D. Va. 1997 *citing Farmer v. Arabian Oil Co.*, 379 U.S. 227 (1964);

---

[4] *See Crawford v. Deutsche Bank AG*, 271 F. Supp. 2d 829, 832 (E.D. Va. 2003)("Rule 54(d)(2) does not provide a rule of decision, however. Rather, it and the accompanying advisory committee comment recognize that there must be another source of authority for such an award.").

*Herold v. Hajoca Corp.*, 864 F.2d 317, 322 (4th Cir. 1988). Since there is no statute or rule entitling EZN to the fees sought, EZN's claim for supplemental fees rests entirely on "other grounds" – ¶ 13 of the Settlement Agreement, which does not authorize award of the supplemental fees in question.

### 2.     EZN's interpretation of ¶ 13 is not supported by precedent.

EZN incorrectly argued to the District Court that the Agreement entitled EZN, as the prevailing party, to "its reasonable attorneys' fees and costs incurred in litigation under the agreement, regardless of whether those fees and costs are incurred at trial, in collection of a judgment or on appeal." APP259.  However, the language of ¶ 13 does not support EZN's argument since it univocally states that the prevailing party may recover fees only **for litigation for breach of the Agreement.**  APP424. Significantly, ¶ 13 made no express provision for fees for post-litigation matters such as collections but clearly provided the prevailing party could recover only for "litigation…brought for breach of this Agreement." APP424.

In its Reply, EZN argued that any fees incurred that were a "direct result" of Best's lawsuit for breach of the Agreement were authorized by ¶ 13. APP401. EZN's argument was misplaced and without merit because the language of ¶ 13 does not support that interpretation. Specifically, ¶ 13 does not provide the prevailing party with authorization to recover any fees other than those specifically

enumerated notwithstanding that the fees are related to or a "direct result" of the lawsuit.  Under EZN's interpretation, EZN can recover fees for virtually anything regardless of whether it involved litigation for a breach of the Agreement so long as EZN claims the work was related to the lawsuit.  EZN improperly, unilaterally and arbitrarily expanded ¶ 13 to include recovery for fees not agreed to by the parties. Accordingly, the supplemental fee award should be reversed as a matter of law.

EZN improperly isolated the words "any litigation" to support its argument that it can recover for collection work, fee disputes, and other work not authorized by the Agreement. APP402.  EZN improperly ignored the words "is brought for breach of this Agreement" because those words clearly limited EZN's right to recover the fees sought.  The word "any" is an adjective that limits the noun "litigation" to litigation "brought for breach of this Agreement."  EZN improperly broadly defined litigation to include "all proceedings" including post-judgment collections, appeals, etc., but cited no precedent in support of its definition. APP402.  This Court has also defined "proceeding" as "the regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." *United States v. Johnson*, 325 F.3d 205, 209 (4th Cir. Va. 2003).  A "final order" is defined as one that ends the litigation on the merits and leaves nothing for the court to do but execute the

judgment. *Catlin v. United States*, 324 U.S. 229, 233 (1945).  Once the rights are

determined, or the remedy is obtained or denied and a final order is entered, the

litigation is over.  Not only is EZN's definition incorrect, it is not supported by the

plain meaning of ¶ 13 under existing well-settled Virginia precedent.  Under

EZN's definition, even a final order does not end the litigation.

### 3.    The award of fees to EZN violated the Plain-Meaning Rule.

Settlement agreements are contracts and are therefore governed by general

principles of contract law. *Webster v. Rumsfeld*, 156 Fed. Appx. 571, 577 (4th Cir.

Md. Dec. 1, 2005) (additional citation omitted).  Under Virginia law, "courts

uphold the intent of the contracting parties as expressed through contractual

language." *Aggarwal v. Sikka*, No. 1:12cv60, 2013 U.S. Dist. LEXIS 160422, at *8

(E.D. Va. Nov. 7, 2013); *see also, Bender-Miller*, 179 S.E.2d at 639.  Where the

parties' intent is clear and contractual language is amenable to only one reasonable

interpretation, courts are to construe contractual language according to its plain and

ordinary meaning. *Id., see Appalachian Power Co. v. Greater Lynchburg Transit

Co.*, 374 S.E.2d 10 (Va. 1988).  This canon is known as the Plain-Meaning Rule

and it is well-established under Virginia rules of contract interpretation. *Id.*

"[W]here an agreement is complete on its face, is plain and unambiguous in its

terms, the court is not at liberty to search for its meaning beyond the instrument

itself." *Id. citing Berry v. Klinger*, 300 S.E.2d 792 (Va. 1983) (*quoting Globe Iron*

*Constr. Co. v. Bank of Boston*, 140 S.E.2d 629 (Va. 1965)); *see also, Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 405 (4th Cir. 1998) ("Virginia strictly adheres to the 'plain meaning' rule, entitling the parties to rely on the express terms of the written agreement.").

Even when the plain-meaning rule renders what some may consider a harsh result, courts are still not at liberty to rewrite the contractual language. *Trex Co. v. Exxonmobil Oil Corp.*, 234 F. Supp. 2d 572, 575 (E.D. Va. 2002). The Virginia Supreme Court has often said that it is the duty of the court to construe a contract as written, not to make a contract for them. *Wilson v. Holyfield*, 313 S.E.2d 396, 398 (Va. 1984). "No word or clause in the contract will be treated as meaningless if a reasonable meaning can be given to it, and there is a presumption that the parties have not used words needlessly." *Signature Flight Support Corp. v. Landow Aviation Ltd. P'ship*, 698 F. Supp. 2d 602, 618 (E.D. Va. 2010) *quoting D.C. McClain, Inc. v. Arlington County*, 452 S.E.2d 659, 662 (Va. 1995). Here, the District Court disregarded the words "for breach of this Agreement" and awarded EZN fees that were not for litigation for a breach of the Agreement. APP429-432.

Where the contract language is explicit, a court's only function is to interpret the contract's lawful meaning and the intent of the parties as expressed in the contract's terms. *Monster Daddy,* 483 Fed. Appx. at 835. When contract language is clear, the plain language of the contract determines its force and effect. *Id.*

21

Here, the award of supplemental fees to EZN essentially rewrote ¶ 13 of the Agreement to entitle EZN to recover fees for all litigation, rather than for litigating a breach of the Agreement. The District Court's ruling improperly entitles EZN to recover all attorneys' fees, regardless of when or how they were incurred. If the parties intended to allow for such recovery of fees for any litigation, the Agreement would have omitted the phrase "for breach of this Agreement." Since the parties narrowly and explicitly limited the circumstances under which a prevailing party could recover fees, the District Court erred as a matter of law in awarding fees for work that was not specifically authorized by the Agreement.

Importantly, the District Court's decision in this matter calls into question contracting parties' ability to rely on the language used in their agreements. *See, e.g. Pacific Ins.,* 148 F.3d at 405. If parties to a contract can no longer rely on a District Court to uphold the express terms of the contract as agreed to by the parties, then contractual relationships will be irreparably harmed. This is particularly important in the case of a Settlement Agreement, where the parties were both represented by counsel who chose the wording of the Agreement based on the parties' intent and agreement. It is well-settled law in Virginia that the language used in the Agreement is the repository of the final Agreement of the parties. *See, e.g., Berry v. Klinger,* 300 S.E.2d at 796; *Cyberlock Consulting, Inc. v. Info. Experts, Inc.*, 939 F. Supp. 2d 572, 579 (E.D. Va. 2013)(Court must read

22

the agreement as a whole, single document and must gather the meaning of its language "from all its associated parts assembled as the unitary expression of the agreement of the parties." (quoting *Berry*)).  Accordingly, Best prays that this Court reverse the District Court's award of supplemental fees to EZN in its entirety.

### 4.    The law-of-the-case doctrine does not preclude Best's argument that the Agreement does not authorize EZN's fees.

EZN argued that the District Court should ignore Best's arguments because those arguments were barred by the law-of-the-case doctrine.  APP396-397. EZN's argument was without merit.  The longstanding definition of the law-of-the-case doctrine in Virginia, "briefly stated, is this: Where there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal." *Meidan, Inc. v. Leavell*, 62 Va. App. 436, 441 (Va. Ct. App. 2013) *citing Steinman v. Clinchfield Coal Corp.*, 93 S.E. 684, 687 (Va. 1917).  Under the law-of-the-case doctrine, "once the decision of an appellate court establishes the law of the case, it must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal." *United States v. Bowers*, 557 Fed. Appx. 202, 204 (4th Cir. N.C. 2014).  "Dictum of the reviewing court" or "statements casually made as to other portions of the case not under consideration at the time they are made" do not fall within the purview of the law-of-the-case doctrine. *Morison v. Dominion Nat'l*

*Bank*, 1 S.E.2d 292, 294 (Va. 1939).  The law-of-the-case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States ex rel. Chyrissa v. Columbia/HCA Healthcare Corp.*, 587 F. Supp. 2d 757, 761 (W.D. Va. 2008) *citing Arizona v. California*, 460 U.S. 605, 618 (1983).  The law-of-the-case doctrine does not and cannot limit the power of a court to reconsider an earlier ruling because the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505 (4th Cir. N.C. 2003).

The first fatal flaw in EZN's argument is that neither the 4th Circuit, nor the District Court, has ever decided whether ¶ 13 authorizes EZN to recover supplemental fees not for litigating a breach of the Agreement. The District Court's July 24, 2014 Order (APP429-432) never explained how ¶ 13 authorized the fees sought by EZN, but instead stated that since Best had defaulted in removing the production line, EZN was entitled to its requested supplemental fees.  EZN's argument must fail as a matter of a law because the Fourth Circuit previously held that the law-of-the-case doctrine applied to questions actually decided, but did not reach questions that might have been decided, but were not.  *Sejman v. Warner-Lambert Co., Inc.,* 845 F.2d 66, 69 (4th Cir. 1988). For example, the Fourth Circuit also rejected Sejman's argument that Warner-Lambert's failure to assert

preemption in the earlier case rendered that default part of the law of the case. *Id.* Here, this Court has never ruled on whether ¶ 13 authorizes EZN to recover supplemental fees not incurred for litigating a breach of the Settlement Agreement. Accordingly, EZN's argument was without merit.

EZN also excerpted a paragraph of the District Court's April 29, 2013 Opinion (APP401) in support of the proposition that the excerpt evidences the District Court's holding that the Agreement authorized the fees sought by EZN. However, the excerpt only holds that the hours EZN spent performing the work were reasonable.  Here, the District Court failed to address Best's argument that the Agreement did not authorize the supplemental fees improperly granted to EZN, so the law-of-the-case doctrine does not preclude Best's argument because there has been no holding on this issue.

The second fatal flaw in EZN's argument is that the issues are not the same as they were in EZN's previous fee motions because EZN's prior fee motions were for work performed during the underlying litigation and on appeal of the merits of the underlying litigation. The law-of-the-case doctrine "restricts a court to legal decisions it has made on the same issues in the same case." *DietGoal Innovations LLC v. Wegmans Food Mkts., Inc.*, 993 F. Supp. 2d 594, 600 (E.D. Va. 2013) *citing MacDonald v. Moose*, 710 F.3d 154, 161 n. 10 (4th Cir. 2013). The law-of-the-case doctrine provides that an appellate court's determination on a legal issue

is binding on both the trial court on remand, and any court hearing a subsequent appeal, if in the same case and the facts are substantially the same. BLACK'S LAW DICTIONARY 613 (6TH ED. 1991). Here, the current supplemental fee award is factually different because *none* of the fees awarded by the District Court are for litigating a breach of the Agreement. Further, the fees awarded by the District Court on May 3, 2013 covered the period of the underlying litigation and the appeal regarding the merits that was resolved on January 24, 2013.

Moreover, the Fourth Circuit has not ruled on whether the Agreement authorized an award of attorneys' fees for work performed after January 22, 2013 because the issue only arose after EZN requested fees for the period after the 4th Circuit's decision on April 8, 2014. Nor has either the District Court or the Fourth Circuit ever issued a ruling regarding whether the merger doctrine prevented a second judgment from being entered because prior to July 24, 2014, there was no second judgment issued in violation of the merger doctrine. Accordingly, EZN's arguments were without merit because this issue did not exist before the District Court granted EZN's attorneys' fees on July 24, 2014.

## VII. CONCLUSION

Virginia law governs the interpretation of ¶ 13 of the Agreement in this matter. Virginia courts have long upheld the merger doctrine which provides that a contract merges into the judgment. Here, the Agreement was merged into EZN's

January 6, 2012 judgment, and therefore, could not form the basis for the second judgment entered on July 24, 2014. Moreover, the terms of the Agreement only authorize the prevailing party to recover fees for litigation brought for breach of the Agreement. EZN's lead counsel's description of the work comprising the fees awarded shows beyond dispute that the fees were not for litigation for a breach of the Agreement. Nor could such litigation have occurred given that this Court affirmed the grant of summary judgment to both EZN and Best on January 24, 2013 which terminated the litigation relative to whether a breach of the Agreement occurred.

EZN's interpretation of ¶ 13 eliminates the phrase "is brought for breach of this Agreement" while improperly focusing only on the words "any litigation." Both EZN and the District Court rendered the phrase "is brought for breach of this Agreement" meaningless in contravention of well-settled precedent. EZN further led the District Court astray by arguing that the law-of-the-case doctrine precluded the Court from even considering Best's merger and lack of authorization arguments. As shown above, EZN was wrong as a matter of law.

It is well-established law in Virginia that courts must uphold the intent of the contracting parties as expressed through the language of the contract and that courts cannot add to or remove the meaning from words used in a contract. Although the language of ¶ 13 is unambiguous, EZN and the District Court, at

27

EZN's behest, have improperly rewritten the Agreement to allow EZN to recover fees for any litigation, regardless of whether it was for litigation for a breach of the Agreement. EZN and the District Court construed ¶ 13 to allow EZN to recover fees as the prevailing party, regardless of how or when the fees are incurred. That is not what the parties agreed to, nor is it what the Agreement stated. If the award of fees is not overturned, contractual relationships in Virginia will be thrown into disarray because parties will no longer be able to rely on the Courts to uphold the language used in their contracts. Accordingly, for the reasons set forth herein, Best prays that this Court overturn the District Court's July 24, 2014 award of fees to EZN in its entirety and grant Best such other and further relief as this Court deems just, proper and necessary.

**ORAL ARGUMENT IS REQUESTED.**

Respectfully submitted,

By:    /s/ James M. Brady
James M. Brady
Virginia State Bar No. 80002
*Counsel for Plaintiffs-Appellants*
Best Medical International, Inc.
7643 Fullerton Road
Springfield, VA 22153
Telephone: (703) 451-2378
Facsimile: (703) 451-8421
Email: james@teambest.com

28

**CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) OR 32(a)**

This brief complies with the type-volume limitations of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because this brief contains 6,856 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 in Times New Roman 14 point font.

DATED:   December 19, 2014                    /s/ James M. Brady,
                                              Attorney for Plaintiffs-Appellants

29

# CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2014, I electronically filed the foregoing document with the Clerk of the Court for the Fourth Circuit Court of Appeals using the electronic case filing system of the Court. The electronic case filing system will send notification of such filing to all counsel of record. Counsel may access such document using the Court's system.

/s/ James M. Brady
James M. Brady
Virginia State Bar No. 80002
*Counsel for Plaintiffs/Appellants*
Best Medical International, Inc.
7643 Fullerton Road
Springfield, VA 22153
Telephone: (703) 451-2378
Facsimile: (703) 451-8421
Email: james@teambest.com

Dated:   December 19, 2014.