# RECORD NO. 14-2074

### In The

# United States Court Of Appeals

### For The Fourth Circuit

**BEST MEDICAL INTERNATIONAL, INC., a
Virginia Corporation; BEST VASCULAR, INC., a Delaware Corporation,**

*Plaintiffs – Appellants,*

**v.**

**ECKERT & ZIEGLER NUCLITEC GMBH, a
German corporation, successor to QSA Global GmbH,**

*Defendant – Appellee.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT ALEXANDRIA**

_____

# BRIEF OF APPELLEE

_____

**C. Dewayne Lonas
Matthew J. Hundley
MORAN REEVES & CONN PC
100 Shockoe Slip, 4th Floor
Richmond, VA  23219
(804) 864-4820**

*Counsel for Appellee*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __14-2074__     Caption: _Best Medical International, Inc. v. Eckert & Ziegler Nuclitec GmbH_

Pursuant to FRAP 26.1 and Local Rule 26.1,

_Eckert & Ziegler Nuclitec GmbH_____
(name of party/amicus)

_____

 who is _____Appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.      Is party/amicus a publicly held corporation or other publicly held entity?   ☐ YES ☑ NO

2.      Does party/amicus have any parent corporations?                          ☑ YES ☐ NO
        If yes, identify all parent corporations, including grandparent and great-grandparent
        corporations:
        Eckert & Ziegler AG

3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
        other publicly held entity?                                             ☑ YES ☐ NO
        If yes, identify all such owners:
        Eckert & Ziegler AG

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☐YES ☑NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ C. Dewayne Lonas                            Date: _____10/20/14_____

Counsel for: Eckert & Ziegler Nuclitec GmbH_____

# CERTIFICATE OF SERVICE
**************************

I certify that on _____10/20/14_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

James M. Brady, Esq.
Best Medical International
7643 Fullerton Road
Springfield, Virginia 22153
Counsel for Best Medical International, Inc. and Best Vascular, Inc.

Shawn Weingast, Esq.
Best Medical International
7643 Fullerton Road
Springfield, Virginia 22153
counsel for Best Medical International, Inc. and Best Vascular, Inc.

/s/ C. Dewayne Lonas                                        10/20/14
    (signature)                                            (date)

# **TABLE OF CONTENTS**

**PAGE:**

TABLE OF AUTHORITIES ................................................................... ii

I.      STATEMENT OF ISSUES ................................................1

II.     COUNTER-STATEMENT OF FACTS................................1

III.    SUMMARY OF THE ARGUMENT ................................4

IV.     ARGUMENT................................................................6

        A.    The Standard of Review of the District Court's Denial of Best's Rule 59(e) Motion Is for an "Abuse of Discretion".............................6

        B.    The "Law of the Case" Doctrine Precludes Best From Contesting Matters That It Had a Full and Fair Opportunity to Litigate.......................................................................7

        C.    The Merger Doctrine Does Not Bar EZN's Recovery of Fees and Costs Incurred Post-Judgment.......................................11

        D.    Paragraph 13 of the Settlement Agreement Permits Recovery of All the Fees and Costs Covered by EZN's Second Supplemental Fee Petition..................................16

V.      CONCLUSION................................................................19

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

i

# TABLE OF AUTHORITIES

**PAGE(S):**

## CASES:

*Acme Boot Co. v. Tony Lama Interstate Retail Stores, Inc.*,
   1991 U.S. App. LEXIS 4805 (4th Cir. 1991).........................................14, 15

*American Canoe Ass'n v. EPA*,
   138 F. Supp. 2d 722 (E.D. Va. 2001) ...........................................................18

*Bd. of Trs. v. Superior Balance & Commissioning, Inc.*,
   2014 U.S. Dist. LEXIS 37800 (E.D. Va. 2014) ...........................................18

*Bralley v. Carey*,
   2011 U.S. Dist. LEXIS 107015 (E.D. Va. 2011) .........................................18

*Cangiano v. LSH Bldg. Co.*,
   271 Va. 171, 623 S.E.2d 889 (2006) .....................................................15, 18

*Copra, Inc. v. Ward Foods, Inc.*,
   567 F.2d 1316 (5th Cir. 1978) .........................................................................7

*E.I. duPont de Nemours & Co. v. Kolon Industries, Inc.*,
   2012 U.S. Dist. LEXIS 176909 (E.D. Va. 2012) .........................................18

*Fogel v. Chestnutt*,
   668 F.2d 100 (2d Cir. 1981) ...........................................................................7

*Hudson Ins. Co. v. Persuade Cos.*,
   2013 U.S. Dist. LEXIS 182479 (E.D. Va. 2013) .........................................18

*Ingle v. Yelton*,
   439 F.3d 191 (4th Cir. 2006) ..........................................................................6

*Johnson v. Harvey*,
   2006 U.S. Dist. LEXIS 95495 (E.D. Va. 2006) ...........................................13

*Kraft Foods N. America, Inc. v. Banner Eng'g & Sales, Inc.*,
   446 F. Supp. 2d 551 (E.D. Va. 2006).............................................................13

*Lee v. Mulford*,
269 Va. 562 (2006) ...................................................................................14

*Omni Outdoor Advertising, Inc. v. Columbia Outdoor Advertising, Inc.*,
974 F.2d 502 (4th Cir. 1992) ..................................................................8

*Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union*,
134 S. Ct. 773 (2014)............................................................................13

*Republic Ins. Co. v. Culbertson*,
717 F. Supp. 415 (E.D. Va. 1989) .........................................................15

*Robinson v. Wix Filtration Corp. LLC*,
599 F.3d 403 (4th Cir. 2010) ..................................................................6

*Saleh v. Moore*,
95 F. Supp. 2d 555 (E.D. Va. 2000) ......................................................18

*Sejman v. Warner-Lambert Co., Inc.*,
845 F.2d 66 (4th Cir. 1988) .................................................................7, 8

*United States v. Lentz*,
384 F. Supp. 2d 934 (E.D. Va. 2006) ......................................................7

*Watson v. School Board of City of Suffolk*,
566 F.2d 1201 (4th Cir. 1977) ................................................................7

*Western Insulation, LP v. Moore*,
362 Fed. Appx. 375 (4th Cir. 2010) ..................................................15, 18

**RULES:**

Fed. R. Civ. P. 54(d)(2).................................................................12, 15, 17

Fed. R. Civ. P. 54(d)(2)(B)(ii) .............................................................10

Fed. R. Civ. P. 59 ............................................................................4, 20

Fed. R. Civ. P. 59(e).......................................................................4, 6, 19

Fed. R. Civ. P. 69 ...............................................................................17

Fed. R. Civ. P. 70 ...................................................................................17

Fed. R. Civ. P. 71 ...................................................................................17

**<u>OTHER</u>:**

Black's Law Dictionary 934 (6th ed. 1990) ...........................................17

## I.    STATEMENT OF ISSUES

The appeal of Appellants Best Medical International, Inc. and Best Vascular, Inc. (collectively, "Best") presents two issues for decision by this Court.  First, does the merger doctrine prohibit Appellee Eckert & Ziegler Nuclitec GmbH ("EZN") from obtaining a third fee award as the prevailing party in this lawsuit after the District Court granted two prior fee requests, both of which were upheld by the Court of Appeals?  Second, does the Settlement Agreement, which provides for an award of attorneys' fees and costs incurred in "any litigation. . . . for breach of [the] Agreement," prevent EZN from recovering fees and costs for multiple appeals, collections work, and preparation of fee petitions resulting from litigation of Best's breach of contract claims?

The answer to both questions is "no."

## II.    COUNTER-STATEMENT OF FACTS

In 2006, Best bought from Novoste Corporation ("Novoste") all of Novoste's liabilities under a Source Manufacturing Agreement ("SMA") with AEA Technology-QSA, GmbH ("QSA"), the predecessor-in-interest of EZN. Among those liabilities was an obligation to decontaminate and decommission certain production lines in Braunschweig, Germany.  When Best failed to carry out this obligation, QSA sued Best for breach of the SMA.  The parties settled that dispute on April 16, 2008 when they executed the Settlement Agreement that is at

1

the heart of this lawsuit. That Settlement Agreement restated Best's promise to decontaminate and decommission the production lines. Best's failure to keep that promise resulted in this lawsuit and the finding of a Best default by the District Court. Because EZN prevailed in this case, EZN was entitled to attorneys' fees and costs under Paragraph 13 of the Settlement Agreement:

> **13.  Claims for Breach of this Agreement:**  In the event any litigation is brought for breach of this Agreement, the prevailing party shall be entitled to recover, in addition to any damages proven at trial, reasonable attorneys' fees and costs incurred *in any such action*.

(APP424, ¶ 13) (emphasis added).

On January 6, 2012, the District Court awarded EZN $617,627.69, the precise amount sought by EZN, representing the fees and costs then incurred by EZN in prevailing on Best's claims. On appeal, this Court affirmed the lower court's findings on the merits and its finding that EZN was the prevailing party, but remanded the case to the District Court for a more detailed application of the *Johnson* factors supporting the fee award.

After the remand, EZN submitted a supplemental fee petition to the District Court to capture the additional hours spent by EZN's lawyers on Best's first appeal, fee petition work, and collection of the District Court's original judgment. (APP58-81.)  Best vigorously opposed EZN's fee requests on multiple grounds. (APP82-100.)  First, Best argued that none of the *Johnson* factors justified EZN's fee requests, and therefore the amounts sought were unreasonable. Second, Best

2

contended that Paragraph 13 of the Settlement Agreement did not authorize any recovery of fees incurred by EZN after the District Court ruled on the parties' summary judgment motions.

The District Court considered the remanded judgment and EZN's supplemental fee petition together, and awarded EZN $871,414.49 in fees and $55,249.76 in costs.[1]  (APP111-27.)  In doing so, the District Court applied all 12 of the *Johnson* factors and fixed on 5 that it believed justified the fees sought by EZN.  Best nonetheless appealed the District Court's May 3, 2013 award on grounds that it was unreasonable under the *Johnson* criteria.  Best did not raise on appeal any argument regarding the scope of Paragraph 13 of the Settlement Agreement.  After consideration of Best's contentions, including oral argument before a three-judge panel, this Court, on April 8, 2014, affirmed the judgment of the District Court.

After issuance of the mandate, EZN filed a second supplemental fee petition in the District Court on June 3, 2014. (APP258-78.)  EZN's new fee petition covered fees and costs incurred by EZN in successfully contesting Best's appeal of the District Court's May 3, 2013 order, EZN's efforts to collect its judgment from

---

[1] The District Court initially entered an order on April 29, 2013 awarding fees of $893,771.64 and costs of $55,249.76 to EZN.  On May 3, 2013, the District Court vacated the April 29, 2013 Order and entered a corrected order in the amount of $871,414.49 in fees and $55,249.76 in costs.  Best did not make either order part of the Joint Appendix in this appeal.

3

Best, EZN's preparation of its fee petitions, and work on the decommissioning that Best failed to complete in Germany. Best opposed EZN's petition, but did not challenge the rates of EZN's lawyers or the reasonableness of the hours. (APP360-93.) Instead, Best claimed that any award for fees and costs by EZN after a determination of liability under the Settlement Agreement was barred by the doctrines of merger and *res judicata*. Best also argued that Paragraph 13 of the Settlement Agreement prohibited recovery of any additional fees by EZN, and that any further award would constitute a sanction to Best. After consideration of each of Best's contentions, on July 24, 2014, the District Court granted EZN's motion and awarded $285,718.90 in fees and costs, the exact amount sought by EZN. (APP429-32.) Best then filed a Rule 59(e) Motion to Alter or Amend the July 24, 2014 Order on the ground that the District Court had made a clear error of law.[2] That Motion was denied on September 5, 2014 (APP473).

Best now appeals the September 5, 2014 Order (APP474-75).

### III.    SUMMARY OF THE ARGUMENT

As Best indicates in its Notice of Appeal, it is seeking reversal of the District Court's denial of Best's Rule 59 motion rather than the District Court's decision to award EZN the fees and costs covered by its second supplemental fee petition.

---

[2] The "clear error of law" that Best complained of was that the District Court must not have read its prior brief, because if the Court had read the brief, it would have denied the Motion. Best then reiterated the arguments that it had previously made.

Thus, to achieve any success on its appeal, Best must prove that the District Court abused its discretion in denying Best's motion. This Best clearly cannot do because the decision of this Court in affirming EZN's first supplemental fee petition provides all the legal support the District Court needed to deny Best's motion.

Even if Best were appealing the District Court's July 24, 2014 Order awarding fees to EZN, Best could not prevail on this appeal. To secure reversal of that decision, Best would have to prove not only that the District Court made a legal mistake by granting EZN's second supplemental fee petition, but that this Court made a mistake as well when it affirmed EZN's first supplemental fee award. Both of the arguments that Best now makes are arguments that it either made (in the case of its contract interpretation argument) or could have made (in the case of its merger argument) when the District Court and, later, this Court, reviewed EZN's first supplemental fee award. For this reason, the law of the case doctrine precludes Best from raising these arguments now.

Further, Best's arguments are simply wrong. First, the merger doctrine does not preclude EZN from relying on the Settlement Agreement for additional fee awards where there has been no judgment in EZN's favor in which the Settlement Agreement could be merged, and the Settlement Agreement itself contemplates a fee award _after_ entry of judgment. Second, Paragraph 13 of the Settlement

5

Agreement clearly contemplates an award of fees to the prevailing party for all litigation activities in any action "for breach of [the] Agreement," not just those fees incurred until a breach is proven or disproven.   Indeed, Best's overly narrow reading of Paragraph 13 would render the fee-shifting purpose of the Settlement Agreement meaningless.

This Court should affirm the District Court's September 5, 2014 Order.

## IV.   <u>ARGUMENT</u>

### A.   The Standard of Review of the District Court's Denial of Best's Rule 59(e) Motion Is for an "Abuse of Discretion."

Best appeals the September 5, 2014 Order entered by the District Court denying its Motion to Alter or Amend the Judgment for Attorneys' Fees Entered on July 24, 2014 Pursuant to Rule 59(e). (APP474-75.)  This Court "reviews the denial of a Rule 59(e) motion under the deferential abuse of discretion standard." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010) (*citing Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006).

Rule 59(e) provides that a court may alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice.  *Id*.  Although Best argues that the entry of judgment for EZN's second supplemental fees "was an error as a matter of law," it fails to identify a "clear error of law."   Indeed, Best fails to set forth any evidence or

6

argument that rises to the "deferential abuse of discretion standard."  Accordingly, the District Court did not abuse its discretion in denying Best's motion to alter or amend the judgment.

**B.    The "Law of the Case" Doctrine Precludes Best From Contesting Matters That It Had a Full and Fair Opportunity to Litigate.**

Having obtained no relief from this Court on its two previous appeals, Best attacks EZN's third fee award with two arguments that it has never made in this Court, although it certainly could have.  Neither of these arguments, as addressed more fully below, has any merit.  This Court nevertheless need not even consider them because Best is precluded from seeking any relief under these new theories by the law of the case doctrine.

The law of the case doctrine "precludes parties from contesting matters that they have had a full and fair opportunity to litigate."  *United States v. Lentz*, 384 F. Supp. 2d 934, 938 (E.D. Va. 2006).  The doctrine "applies to questions actually decided as well as those decided by '***necessary implication***.'"  *Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988) (*quoting Copra, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316 (5th Cir. 1978) (emphasis added); *see also Watson v. School Board of City of Suffolk*, 566 F.2d 1201, 1205 (4th Cir. 1977) (holding that law of the case doctrine bars reconsideration of issues decided "sub silentio" on prior appeal); *see also Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981)

(finding that doctrine "applies as well to everything decided by necessary implication").

In addition, the law of the case doctrine precludes consideration of "an argument [that] could have been raised on appeal" in a later proceeding in the same case. *Omni Outdoor Advertising, Inc. v. Columbia Outdoor Advertising, Inc.*, 974 F.2d 502, 505 (4th Cir. 1992). The doctrine represents "a prudent judicial response to the public policy favoring an end to litigation." *Sejman*, 845 F.2d at 68. Namely, application of the doctrine comports with the "judicial system's interest in avoiding piecemeal litigation" by requiring "that litigants present all available arguments to an appellate court on the first appeal." *Omni Outdoor Advertising*, 974 F.2d at 505.

The District Court's January 22, 2013 award, which was affirmed by this Court, included $309,036.56 in supplemental attorneys' fees and expenses incurred by EZN <u>after</u> the initial fee award. (APP239-53.) The scope of the supplemental award covered appeal work, portions of two fee petitions by EZN, and EZN's collection efforts, as the District Court noted when granting EZN's supplemental fee request:

> Additionally, after the initial award of attorneys' fees Best filed over a dozen motions and accompanying memorandums which EZN was required to defend. Much time, effort, and money was spent attempting to collect the attorneys' fees award from Best. . . . EZN was required to defend against two appeals, prosecute its cross appeal and continue to litigate over its right to collect judgment or obtain

8

security for the judgment at the same time. This Court finds that because EZN has now spent over two years litigating this case and defending against various motions, because of extensive discovery, the need for pre-trial preparation, the lengthy and difficult judgment collection process, and the appeal, EZN's lawyers spent a reasonable number of hours working on this litigation and provided sufficient documentation of such. . . . These hours are well documented, and reasonable for this case. This factor justifies the requested fee.

(APP117.)

Thus, Best had the opportunity and motivation to raise its present arguments in the District Court and the Court of Appeals in hopes of extinguishing EZN's supplemental award, and any additional awards EZN might seek.

In fact, Best <u>did</u> contest EZN's first supplemental fee award in the District Court on the ground that fees incurred by EZN after litigation of the merits were unrecoverable under the Settlement Agreement. Here are Best's own words, taken from its October 4, 2013 Reply Brief:

Best also argued that EZN was not entitled to fees after entry of the judgment because the SA provides that attorneys' fees are recoverable only for 'any litigation … brought for breach of this Agreement. …" Any litigation for breach of the SA ended on January 6, 2012 when judgment was entered. Since that time, the parties have been litigating the reasonableness of EZN's attorneys' fees, not whether either party breached the SA. _EZN sought and the District Court awarded fees incurred after entry of judgment in violation of the terms of the SA which provided for attorneys' fees only for litigation involving breach of the SA_.

(APP216-17.) By Best's own admission, the District Court would have considered – and rejected – the very same argument about the scope of the Settlement

Agreement it now makes in this appeal.  However, Best chose to omit making that argument  to this Court when appealing the District Court's May 3, 2013 Order, and that choice prevents it from raising the issue at this late date.

Even if Best had never before argued that the Settlement Agreement barred the recovery of post-merits attorneys' fees, the law of the case doctrine would prohibit Best from making that argument now.  When this Court affirmed the District Court's award of supplemental fees, it necessarily determined that Paragraph 13 of the Settlement Agreement provided the "grounds entitling [EZN] to the award" as required by Rule 54(d)(2)(B)(ii).  Indeed, Paragraph 13 of the Settlement Agreement was the only grounds on which EZN sought any fees in the case.  Thus, the District Court – and this Court on review – necessarily rejected the argument now advanced by Best that the Settlement Agreement prevents an award of fees incurred after the merits litigation had concluded.  Because all of the fees in EZN's first supplemental fee award were incurred post-merits, Best is foreclosed by the law of the case doctrine from raising this argument now.

Best's merger argument must suffer a similar fate.  Best contends that the Settlement Agreement merged with the District Court's January 6, 2012 judgment and thus the Settlement Agreement could not provide the basis for EZN's second supplemental fee award in 2014.  Yet this is an argument that Best could easily have made in response to the District Court's May 3, 2013 fee award, which Best

10

appealed to this Court. The law of the case doctrine, therefore, forecloses Best from raising the merger argument now.

This Court should reject both arguments that Best advances in opposition to EZN's second supplemental fee award.

## C.    The Merger Doctrine Does Not Bar EZN's Recovery of Fees and Costs Incurred Post-Judgment.

This Court has already upheld an award of $309,036.56 in supplemental attorneys' fees and costs for work performed <u>after</u> the District Court's January 6, 2012 judgment. Best now argues that EZN is not entitled to receive supplemental fees and costs because all rights under the Settlement Agreement were extinguished by the "merger doctrine." Best's argument is without legal or factual support and, more importantly, ignores the basis of EZN's claim for attorneys' fees and costs in this case.

As Best correctly explains, the purpose of the merger doctrine is to prevent piecemeal litigation of a contract where "a valid and personal judgment for money is entered for plaintiff." (Best's Opening Br. at 12-13.) Although the merger doctrine would prevent Best, as the party who brought and lost its action for breach of the Settlement Agreement, from bringing another action for enforcement thereof, there is no judgment entered in EZN's favor on its breach of contract claims. Thus, there is no judgment in EZN's favor in which its claim for attorneys' fees and costs could be merged. In fact, all of the attorneys' fees and costs

11

awarded to EZN were incurred in <u>defending</u> against Best's claims for breach of the Settlement Agreement.

Even if there was a judgment in EZN's favor, under Best's argument, neither party would ever have been permitted to recover attorneys' fees and costs under the Settlement Agreement.  Specifically, the "merger doctrine" would merge the Settlement Agreement into the District Court's September 7, 2011 judgment and neither Best nor EZN would ever be permitted to rely on the agreement to recover attorneys' fees or costs. (APP45-46.)  Regardless of Best's characterization, it is that <u>judgment</u> that first found EZN to be the prevailing party and triggered EZN's right to seek attorneys' fees and costs as provided in the Settlement Agreement. *See* Fed. R. Civ. P. 54(d)(2) (requiring a claim for attorneys' fees to be made by motion within 14 days after entry of judgment and "specify the judgment . . . and grounds entitled the movant to the award.")

Best's current argument is not only inconsistent with Best's own petition for attorneys' fees and costs filed <u>after</u> the September 2011 judgment, but also the two previous fee awards upheld by this Court. (APP49, 239.)  In addition, it is inconsistent with Best's argument that attorneys' fees and costs related to the decommissioning obligation must be recovered through arbitration as provided by the Settlement Agreement.  (APP384-85.)  Indeed, Best's obligations under the Settlement Agreement and the decommissioning are ongoing.  If Best's merger

argument held any merit, EZN would be prevented from enforcing any term of the Settlement Agreement, including recovery of the cost of the decommissioning itself.

Best's argument also clashes with settled case law and the terms of the Settlement Agreement, which provides that attorneys' fees and costs are recoverable by the "prevailing party … in addition to any damages proven at trial." (APP424, ¶13.)  The underlying litigation must be resolved before the trial court can determine if either party prevailed.  *Johnson v. Harvey*, 2006 U.S. Dist. LEXIS 95495, *5 (E.D. Va. 2006) (recognizing that "[w]ithout any judicially sanctioned judgment or decree, there is no 'prevailing party.'  Without a prevailing party, the Court cannot award attorney's fees.")

Moreover, because the merits of the litigation must be resolved, attorneys' fees and costs are not, as Best assumes, part of the "merits" of EZN's original claim or "cause of action."   Instead, they are "collateral" to the merits of the underlying case and need not be proven at trial.  *See Kraft Foods N. America, Inc. v. Banner Eng'g & Sales, Inc.*, 446 F. Supp. 2d 551, 578 (E.D. Va. 2006) (holding that "where the contract provides for the recovery of attorney's fees by the prevailing party", they are "collateral to the merits of the underlying case" and "do not need to be proved at trial"); *Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union*, 134 S. Ct. 773, 780 (2014) (finding that "[t]he premise that

13

contractual attorney's fees are always a measure of damages is unpersuasive, for contractual fee provisions often provide attorney's fees to prevailing defendants.")[3]

Best's allegation that "EZN's counsel will continue harassing Best by submitting fee petitions" fails to recognize that EZN's right to seek supplemental attorneys' fees and costs is a result of Best's frivolous appeals, which continue to cause EZN to incur additional attorneys' fees and costs. Indeed, it is the judgment entered by the District Court upon issuance of this Court's mandate on April 30, 2014 that forms the basis of EZN's second supplemental motion for attorneys' fees and expenses. (APP239-54.) This, of course, is the distinguishing factor between the attorneys' fees and costs awarded to EZN and those at issue in all of the cases relied on by Best.

For example, in *Acme Boot Co. v. Tony Lama Interstate Retail Stores, Inc.* this Court affirmed the application of the merger doctrine to a subsequent request for attorneys' fees where a single judgment was entered by the trial court without any request or award of attorneys' fees by Acme. 1991 U.S. App. LEXIS 4805,

---

[3] Best argument may be premised, albeit incorrectly, on Virginia procedural law, which requires that the issue of attorneys' fees be submitted to a jury absent the parties agreement to bifurcate. *Lee v. Mulford*, 269 Va. 562, 567, 352 (2006) (holding that "[a]bsent agreement of the parties with the concurrence of the court, or pursuant to contract or statute with specific provisions, a litigant is not entitled to bifurcate the issues and have the matter of attorney's fees decided by the trial court in post-verdict proceedings.") This proposition, however is inapplicable to the terms of the Settlement Agreement, which entitles the "prevailing party" to attorneys' fees and costs.

*14-15 (4th Cir. 1991).  Likewise, *Republic Ins. Co. v. Culbertson* involved a "separate cause of action" -- a second lawsuit -- filed in the Eastern District of Virginia to recover attorneys' fees incurred in a state court action and appeal.  717 F. Supp. 415, 416 (E.D. Va. 1989).  Neither *Acme Boot* nor *Republic* involved multiple judgments for fees incurred through multiple appeals in the same case.  More importantly, neither case holds that a party cannot move, pursuant to Rule 54(d)(2), for a supplemental award of attorneys' fees and expenses based on a judgment entered by the District Court upon issuance of the mandate from this Court.

Best's argument would categorically prevent the District Court from ever awarding additional attorneys' fees and costs that are incurred subsequent to the original judgment on the merits, including fees incurred to enforce a judgment and defend against appeals.  This is contrary to the law of this case, this Court, and the Supreme Court of Virginia – all of which authorize the recovery of supplemental attorneys' fees and costs based on challenges to original awards of attorneys' fees and costs. (APP45, 49, 111, 239); *Western Insulation, LP v. Moore*, 362 Fed. Appx. 375, 381-82 (4th Cir. 2010) (affirming award of attorneys' fees incurred during prior appeal and upon remand); *Cangiano v. LSH Bldg. Co.*, 271 Va. 171, 184, 623 S.E.2d 889, 897 (2006) (affirming award of attorneys' fees challenged on reasonableness grounds and remanding "for an additional award of reasonable

attorney's fees and costs … incurred … in defending its judgment on appeal and upon remand.")

Thus, Best's contention that the merger doctrine prevents the recovery of EZN's third installment of fees and costs is without merit.

**D.    Paragraph 13 of the Settlement Agreement Permits Recovery of All the Fees and Costs Covered by EZN's Second Supplemental Fee Petition.**

Best also takes the position that the Settlement Agreement itself bars EZN from recovering its fees and costs spent attempting to obtain a judgment for fees, defending against Best's appeal, and collecting its judgment, even though this work is not only a direct result, but part of the litigation brought by Best for breach of the Settlement Agreement.  Indeed, under Best's construction of Paragraph 13 of the Settlement Agreement, the only fees and costs available to EZN are those incurred litigating the merits – and even then, those fees and costs would be cut off once judgment was entered in September 2011.  Best does not cite a single case supporting this novel position.

Best's reading of Paragraph 13 is plainly wrong, which the District Court has recognized on two occasions.  The relevant portion of that provision is as follows:

> In the event ***any litigation*** is brought for breach of this Agreement, the prevailing party shall be entitled to recover, in addition to any damages proven at trial, ***reasonable attorneys' fees and costs incurred in any such action***.

16

(APP424, ¶ 13) (emphasis added)

It defies logic for Best to argue that the District Court "awarded EZN fees that were not for litigation for a breach of the agreement." By definition, "litigation" includes "all proceedings" in a legal action. Black's Law Dictionary 934 (6th ed. 1990). Litigation does not end, as Best alleges, upon "entry of judgment," but includes "all possible steps in an action from its commencement to *the execution of judgment*." (*Id*. at 1204) (emphasis added.) This includes the recovery of attorneys' fees and costs pursuant to Rule 54(d)(2), which must be made by motion <u>after</u> judgment is entered. Likewise, both "execution" and enforcement of judgments is governed and provided for by the Rules 69, 70 and 71. Clearly, any action taken pursuant to the Federal Rules of Civil Procedure in this case is part of the "litigation."

It would be absurd to permit EZN to recover its fees expended in proving its entitlement to fees, yet be barred from any further fee recovery if Best pursued a baseless appeal of that award. Yet this is precisely what Best asks this Court to sanction.

Not surprisingly, courts have specifically rejected the contention that a prevailing party cannot seek its fees for fee petition work, for subsequent appeals, or for collection efforts. Indeed, trial courts have routinely held that time "devoted to seeking [an] award of fees and costs . . . is compensable as long as it is

17

reasonable." *Saleh v. Moore*, 95 F. Supp. 2d 555, 573 (E.D. Va. 2000); *see also E.I. duPont de Nemours & Co. v. Kolon Industries, Inc.*, 2012 U.S. Dist. LEXIS 176909 (E.D. Va. 2012); *American Canoe Ass'n v. EPA*, 138 F. Supp. 2d 722 (E.D. Va. 2001) ("It is well-settled that reasonable time and expenses spent preparing a fee petition are compensable.")  In addition, this Court has found that hours spent defending against an appeal brought by the losing party are compensable. *Western Insulation*, 362 Fed. Appx. at 382 (affirming trial court's award of fees apportioned to trial, appeal and remand); *Cangiano*, 271 Va. at 184, 623 S.E.2d at 897 (affirming award of attorneys' fees challenged on reasonableness grounds and remanding "for an additional award of reasonable attorney's fees and costs … incurred … in ***defending its judgment on appeal*** and upon remand") (emphasis added).

Finally, fees and costs connected with collection of a judgment are recoverable as well.  *Hudson Ins. Co. v. Persuade Cos.*, 2013 U.S. Dist. LEXIS 182479, *28 (E.D. Va. 2013) (instructing plaintiff in breach of contract action to apply to Court for additional attorneys' fees and costs in addition to those awarded if "further action is required ***to enforce and collect this judgment***") (emphasis added); *Bd. of Trs. v. Superior Balance & Commissioning, Inc.*, 2014 U.S. Dist. LEXIS 37800, *8 (E.D. Va. 2014) (same in ERISA action); *Bralley v. Carey*, 2011 U.S. Dist. LEXIS 107015 (E.D. Va. 2011) (awarding $27,296.58 in attorneys' fees

attempting to enforce $15,000.00 judgment in fair debt collection case and granting plaintiff leave to "submit further petitions for attorney's fees at appropriate intervals").

Therefore, EZN can recover its fees and costs incurred in its efforts to obtain its prior fee awards, to oppose Best's frivolous appeals, and to collect its judgment.

## V.    CONCLUSION

This is an ill-considered appeal at best.   Best's arguments are late and unpersuasive.   Best has now unsuccessfully briefed the issues raised in this appeal three times in the court below:   in opposition to EZN's first Motion for Supplemental Fees and Costs, in opposition to EZN's Second Motion for Supplemental Fees and Costs, and in its Rule 59(e) Motion to Alter the District Court's July 24, 2014 Order.   Each time Best filed its unsuccessful opposition or motion, EZN was forced to incur costs defending its position or opposing Best's motion.   We are now on Best's fourth appeal.[4]

Best's complaint about EZN's "endless" fee petitions rings hollow because Best itself caused EZN to incur all these fees and costs.   Indeed, as shown above, the District Court held that it was reasonable to award fees to EZN for time and

---

[4] Best's first appeal was of the District Court's grant of EZN's Motion for Summary Judgment.   That appeal was consolidated with Best's appeal of the District Court's separate order granting EZN's initial Motion for Attorney's fees and costs.   Best third appeal pertained to the District Court's grant of EZN's initial Motion for Attorney's fees and Costs, as well as its award of Supplemental Fees and Costs.

19

effort spent in defending against the many motions and appeals brought by Best, and in seeking to enforce the judgment already obtained by EZN against Best. Best has control of how much EZN must spend in fees and costs responding to its motions and appeals.  It has the ability to stop EZN from incurring these fees by limiting its own motions and appeals, and by paying the judgment which is outstanding.

For all these reasons stated herein, Best cannot meet its heavy burden of showing that the District Court abused its discretion by denying Best's Rule 59 motion.  The Court should affirm the District Court's September 5, 2014 Order in every respect and deny Best's Petition for Appeal.

/s/  C. Dewayne Lonas
C. Dewayne Lonas
Matthew J. Hundley
MORAN REEVES & CONN PC
100 Shockoe Slip, 4th Floor
Richmond, VA  23219
(804) 864-4820

*Counsel for Appellee*

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>
**Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

> this brief contains <u>4,873</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

January 20, 2015            /s/  C. Dewayne Lonas
                            C. Dewayne Lonas
                            Matthew J. Hundley
                            MORAN REEVES & CONN PC
                            100 Shockoe Slip, 4th Floor
                            Richmond, VA  23219
                            (804) 864-4820

                            *Counsel for Appellee*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on January 20, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

James M. Brady
Shawn R. Weingast
BEST MEDICAL INTERNATIONAL, INC.
7643 Fullerton Road
Springfield, VA  22153
(703) 451-2378

*Counsel for Appellants*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA  23219